STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    Docket No. CV-07-514


STEPHANIE SCHMITT,

        Plaintiff,

        v.                                          ORDER

HORACE MANN INSURANCE CO.,

        Defendant.


        Before the court is a motion by defendant Horace Mann Insurance Co. for summary judgment.


1.      Summary Judgment

        Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

        At the outset Horace Mann objects to the statement of material facts (SMF) submitted by plaintiff Stephanie Schmitt as not being short or concise and including

many factual assertions that are not material. While the court does not agree with some of Horace Mann's objections as to materiality, it does agree that Schmitt has not entirely limited herself to material facts and that some of Schmitt's factual assertions – in what the court hopes was a clerical error – repeat prior paragraphs of her SMF word for word. *E.g.* Plaintiff's Statement of Additional Material Facts ¶¶ 45-48, 62-65.

Nevertheless, disregarding immaterial and repetitive material, the court concludes that Schmitt has raised disputed issues of fact for trial.[1]

2.   Conclusive Proof of Mailing

This case involves a dispute as to whether Schmitt received adequate notice from Horace Mann of the cancellation of her automobile liability insurance policy. Horace Mann has offered evidence that it sought to cancel Schmitt's policy for nonpayment of premium in August 2006. The dispute in this case turns on Section 2915 of the Automobile Insurance Cancellation Control Act, which provides in pertinent part as follows:

> A notice of cancellation of a policy is not effective unless received by the named insured at least 20 days prior to the effective date of cancellation, or, when the cancellation is for nonpayment of premium, at least 10 days prior to the effective date of cancellation . . . . A postal service certificate of mailing to the named insured at the insured's last known address is conclusive proof of receipt on the 5th calendar day after mailing.

24-A M.R.S. § 2915.

In this instance Horace Mann sought to cancel the policy for nonpayment of premium and has offered evidence that a notice of cancellation was issued on or about August 7, 2006 advising Schmitt that her policy would be cancelled effective August 25,

---

[1] After Horace Mann submitted its reply papers on the instant motion, Schmitt filed a motion seeking leave to file surreply papers, asserting that Horace Mann's reply papers have raised new – but unspecified – issues. Schmitt's motion to file surreply papers is denied.

2006 unless Horace Mann received $32.70. The unpaid amount apparently represented an additional amount charged by Horace Mann when Schmitt was divorced from her husband in February 2006 and removed her husband's car from the policy, thereby becoming ineligible for a two-car discount.

Horace Mann has also offered evidence consisting of a postal certificate of mailing showing that a letter was mailed to "Stephanie Ann Packard, 50 Gundalow Gap Road, Brunswick ME" on August 9, 2006. Stephanie Ann Packard was Schmitt's married name before her divorce. Based on that certificate, Horace Mann invokes the "conclusive proof of receipt" provision in 24-A M.R.S. § 2915 to argue that its cancellation of Schmitt's automobile policy was effective on August 25, 2006. This is important because Schmitt was involved in an automobile accident in May 2007, at a time when she maintains she had not been adequately notified that her auto policy had been cancelled.

On this record, the following are disputed issues of fact for trial:

1. Schmitt has offered evidence (1) that she did not in fact receive the notice of cancellation and (2) that in March 2006, she had informed Horace Mann that, as part of the divorce judgment, she had resumed using the name "Stephanie Schmitt" instead of her previous married name, "Stephanie Packard." The notice of cancellation relied upon by Horace Mann was addressed to "Stephanie Ann Packard." Schmitt has also offered evidence that mail addressed to her as "Stephanie Packard" after her divorce sometimes was not delivered.

If Schmitt did inform Horace Mann of her name change prior to August 2006, this would be sufficient to vitiate Horace Mann's reliance on the "conclusive proof of receipt" provision in § 2915. That statute requires that mailing to the "named insured at the insured's last known address." Thus, if Horace Mann had been advised of the name

3

change (a disputed issue on this record), it did not mail the notice of cancellation to the named insured at the insured's last known address.

Requiring that the mail be sent under the correct name and address may appear to be a technicality under the circumstances of this case, but it is a technicality that could have affected whether the notice was in fact delivered. Almost a century ago, Justice Oliver Wendell Holmes famously observed that "men must turn square corners when they deal with the Government." *Rock Island, Arkansas and Louisiana Railroad Co. v. United States*, 254 U.S. 141, 143 (1920). In the court's view, an insurance company seeking to take advantage of the "conclusive proof of receipt" provision in § 2915 must also turn square corners and comply exactly with the statute. If there is any deficiency in the last known name or address, the conclusive proof presumption is not available.

2.    Schmitt has also pointed out that while the postal certificate of mailing indicates that an envelope was mailed to "Stephanie Ann Packard" on August 9, 2006, Horace Mann has not demonstrated any foundation for its assertion that the specific item listed on the certificate of mailing was the notice of cancellation. On this record, this also creates a disputed issue for trial.[2]

3.    Finally, Schmitt argues that the postal certificate of mailing describes the sender as "DST Output" rather than Horace Mann. Schmitt argues that this creates an issue of fact as to whether the notice that Horace Mann asserts was sent to her bore a

---

[2] The court notes that the item mailed to "Stephanie Packard" is identified as package 472, form 18-5399010 and that the latter number is the same as Schmitt's auto policy. Horace Mann may therefore be able to establish that this was the notice of cancellation based on evidence from its business records and mailing procedures. However, that evidence is not contained in the record now before the court. The affidavit of Theresa Brashears asserts that the certificate of mailing refers to the cancellation notice but does not explain the basis of that assertion – whether it is purportedly based on personal knowledge, on business records, or on information derived from another source.

4

return address that would not have alerted her that it was from Horace Mann and, if received at all, may have appeared to be junk mail that could be discarded.

Section 2915 does not explicitly require that the notice be mailed by the insurer, but if the envelope did not identify Horace Mann as the sender, the court has some sympathy for the argument that a recipient might reasonably have treated an item from "DST Output" as junk mail. The court does not have to reach this issue, however, because summary judgment has already been denied for the reasons discussed above.[3]

The entry shall be:

Defendant's motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     October _22_, 2008

Thomas D. Warren
Justice, Superior Court

---

[3]  In its reply papers, Horace Mann has offered evidence that although DST Output was the mailing contractor responsible for the mailing, the envelope would have borne a return address of "Teachers Insurance Co." The court, however, cannot grant summary judgment based on evidence advanced for the first time in reply papers to which the party opposing summary judgment has not had an opportunity to respond.

OF COURTS
erland County
). Box 287
Maine 04112-0287

STEPHEN WADE ESQ
PO BOX 3200
AUBURN ME 04212

*plaintiff*

COURTS
nd County
ox 287
ie 04112-0287

LANCE WALKER ESQ
PO BOX 4600
PORTLAND ME 04112

*Defendant*